

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2008

# USA v. Snowell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"USA v. Snowell" (2008). *2008 Decisions.* Paper 153.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4227
_____

UNITED STATES OF AMERICA

v.

ROY THOMAS SNOWELL,
                                        Appellant


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00023)
District Judge: Honorable Edwin M. Kosik

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2008

Before: SCIRICA, *Chief Judge*, FUENTES and HARDIMAN, *Circuit Judges*

(Filed: December 5, 2008)


_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

Roy Thomas Snowell appeals his sentence of 75 months imprisonment following a plea of guilty to unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). We will affirm.

Because we write exclusively for the parties, we will recount only the facts essential to our decision.

Snowell pleaded guilty pursuant to a written plea agreement. According to the Presentence Investigation Report (PSR), his criminal history category was VI and his total offense level was 23, resulting in an initial Guidelines range of 92-115 months imprisonment.

Snowell filed more than 50 objections to the PSR and two motions for downward departure. In addition, the Government filed a motion for a one-level downward departure pursuant to § 5K1.1 of the Guidelines because of Snowell's substantial assistance, which would have reduced his Guidelines range to 84-105 months. At Snowell's sentencing hearing, his Guidelines range was reduced to 77-96 months, based on the Government's concession that it was not readily provable that the firearm Snowell possessed was stolen. The Government's motion for downward departure for substantial assistance further reduced the Guidelines range to 70-87 months. The District Court – after acknowledging the Government's concession and ruling on the downward departure

motion – sentenced Snowell to 75 months in prison, three years supervised release, and a $100 special assessment.

Snowell's sole argument on appeal is that a remand is required because the District Court failed to formally rule on the Government's motion for a downward departure.

## II.

We review the District Court's sentence for procedural and substantive unreasonableness under an abuse of discretion standard. *Rita v. United States*, 127 S. Ct. 2456 (2007); *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006). A sentence will be upheld as reasonable if the "record as a whole reflects rational and meaningful consideration" of the relevant discretionary factors in determining an applicable sentence. *United States v. Grier*, 449 F.3d 558, 574 (3d Cir. 2006).

Snowell correctly notes that district courts "must formally rule" on all departure motions and accurately calculate the applicable Guidelines range. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Where the record is not clear regarding a district court's legal and discretionary reasons in support of its rulings on departure motions, the appropriate course is to vacate the sentence and remand for clarification. *Gall v. United States*, 128 S. Ct. 586, 596 (2007); *U.S. v. Langford*, 516 F.3d 205, 212 (3d Cir. 2008); *United States v. Goff*, 501 F.3d 250, 257 (3d Cir. 2007).

Our review of the record leads to the conclusion that the District Court adequately considered the parties' three downward departure motions and ruled thereon. First, the

3

District Court denied Snowell's motion for downward departure for diminished capacity on the strength of testimony from both a court-appointed and a defense mental health expert. The District Court stated: "I don't see how I can intelligently conclude [Snowell] suffered from diminished capacity at the time the offense was committed in spite of your argument . . . ." (App. 59).

Second, the District Court considered and denied Snowell's motion for downward departure based on the claim that his criminal history was overstated. Referring to the motions for downward departure, the District Court expressly stated: "They will be considered. But as motions they will be denied." (App. 80).

Finally, the record shows that the District Court considered and granted the Government's motion for downward departure on the basis of Snowell's substantial assistance. The District Court noted that although the Government had a "change of heart" concerning the application of the two-level gun enhancement, which already reduced the Guidelines range, it was required to consider and rule on the Government's substantial assistance motion. (App. 87). The District Court then asked the probation officer to explain how granting the motion would affect the Guidelines range; the probation officer responded that it would result in an adjusted Guidelines range of 70-87 months, and that the District Court's sentence of 75 months would fall within that range.

Though the record shows some confusion on the part of the District Court in determining the applicable Guidelines range, the following exchange among the District

Court, the probation officer and Snowell's counsel makes clear that the Court granted the Government's downward departure motion:

| | |
|---|---|
| Probation Officer: | So the sentence of 75 months would reflect if you had adopted the government's motion with a one level departure. |
| Snowell's Counsel: | I am just asking for clarification. So it was granted for one level? |
| Court: | We discussed that. She (referring to probation officer) said yes. |

(App. 90).

Following an off-the-record conversation with the probation officer for further clarification, the District Court found that the 75 month sentence was legal and concluded the hearing. (App. 90-91).

In sum, we are satisfied that the District Court followed the sentencing procedure mandated by *Gunter*. After adopting the Guidelines range recommended in the PSR, the District Court then formally ruled on the three motions for downward departure. The result was a Guidelines range of 70-87 months, and the 75 month sentence fell within that range. Because this sentence was procedurally and substantively reasonable, there is no need to remand the case and we will affirm the order of the District Court.